Dear Mr. Garrett:
Your request for an Attorney General's opinion has been referred to me. You state that the Baton Rouge Community College, hereinafter referred to as BRCC, would like to know if it can charge students who request a deferred payment plan of their tuition a fifteen ($15.00) dollar processing fee and sign a contract to this effect. You state that the above fee was not part of the fees approved by the State Legislature.
Article VII, § 2.1(A) of the Louisiana Constitution states:
 (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
Attorney General Opinion Number 96-353 addressed the applicability of the above constitutional provision to certain fees contemplated by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
The above opinion addressed fees described in it as "amounts charged by the `auxiliary and self-generated operations of the University, such as for food services, bookstore merchandise, medical or veterinary services, student housing, and admittance to extracurricular events.'" The opinion defined the word "fee," as it is used in the above quoted constitutional article, as "a charge for the services of a public official or a privilege under the control of government." It went on to state that "charges which are assessed by a governmental entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees."
The opinion concluded that the Louisiana State University System was created and exists for the sole purpose of providing public higher education to the citizens of this State. Therefore, only "those charges which are assessed for the provision of higher education to LSU students would be considered fees for purposes of Article VII, § 2.1." As charges addressed in that opinion were not for this activity, they should not be considered "fees" under this Article.
The "processing fee" contemplated by BRCC does not appear to be a charge for the provision of higher education to BRCC students. It would, therefore, not be considered within the definition of the word "fee" in Article VII, § 2.1.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ JAMES C. HRDLICKA Assistant Attorney General
Date Requested: Date Released:
JAMES C. HRDLICKA Assistant Attorney General